## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| STEPHEN BUSHANSKY, Individually and on Behalf of All Others Similarly Situated, §§§§ | |
| Plaintiff, §§ | |
| v. §§ | Case No. ___4:19-cv-2924___ |
| KEANE GROUP, INC., ROBERT W. DRUMMOND, JAMES C. STEWART, MARC G.R. EDWARDS, LUCAS N. BATZER, DALE M. DUSTERHOFT, CHRISTIAN A. GARCIA, LISA A. GRAY, GARY M. HALVERSON, SHAWN KEANE, ELMER D. REED, LENARD B. TESSLER, and SCOTT WILLE, §§§§§§§§§§ | **JURY TRIAL DEMANDED** |
| Defendants. §§ | |

## COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Plaintiff Stephen Bushansky ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE AND SUMMARY OF THE ACTION

1.      This is a stockholder class action brought by Plaintiff on behalf of himself and all other public stockholders of Keane Group, Inc. ("Keane" or the "Company") against Keane and the members of Keane's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, in connection with the proposed merger of Keane with C&J Energy

Services, Inc. ("C&J") through Keane's wholly owned subsidiary King Merger Sub Corp. ("Merger Sub") (the "Proposed Transaction").

2.      On June 17, 2019, Keane and C&J issued a joint press release announcing that they had entered into an Agreement and Plan of Merger dated June 16, 2019 (the "Merger Agreement"). Under the terms of the Merger Agreement, each issued and outstanding share of C&J common stock will be converted into the right to receive 1.6149 shares of Keane common stock (the "Merger Consideration"). Upon completion of the Proposed Transaction, Keane and C&J stockholders will each own approximately 50% of the combined company.

3.      On July 16, 2019, Keane and C&J filed a joint proxy statement/prospectus on Form S-4 (the "Registration Statement") with the SEC. The Registration Statement, which recommends that Keane stockholders vote in favor of the issuance of Keane common stock pursuant to the terms of the Merger Agreement (the "Stock Issuance"), omits or misrepresents material information concerning, among other things: (i) C&J's and Keane's financial projections, relied upon by the Company's and the special committee of the Board's ("Special Committee") respective financial advisors, Citigroup Global Markets Inc. ("Citi") and Lazard Frères & Co. LLC ("Lazard"), in their financial analyses; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by Citi and Lazard; (iii) the background of the Proposed transaction; and (iv) potential conflicts of interest faced by Lazard. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Keane stockholders need such information in order to make a fully informed decision whether to vote in favor of the Stock Issuance.

4.      In short, unless remedied, Keane public stockholders will be forced to make a voting decision on the Stock Issuance without full disclosure of all material information

concerning the Stock Issuance being provided to them.  Plaintiff seeks to enjoin the stockholder vote on the Stock Issuance unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.      This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists.  Keane is headquartered in this District.  Moreover, each of the Individual Defendants, as Company officers or directors, either resides in this District or has extensive contacts within this District.

## THE PARTIES

8.      Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Keane.

9.      Defendant Keane is a Delaware corporation, with its principal executive offices located at 1800 Post Oak Boulevard, Suite 450, Houston, TX 77056.  Keane's common stock trades on the New York Stock Exchange under the ticker symbol "FRAC."

10.     Defendant Robert W. Drummond ("Drummond") has been Chief Executive Officer ("CEO") and a director of the Company since August 2018.

11.     Defendant James C. Stewart ("Stewart") has been a director of the Company since March 2011 and Executive Chairman since August 2018.  Defendant Stewart previously served as the Company's CEO and Chairman from March 2011 to August 2018.

12.     Defendant Marc G. R. Edwards ("Edwards") is the Company's Lead Independent Director and has been a director of the Company since September 2016.

13.     Defendant Lucas N. Batzer ("Batzer") has been a director of the Company since March 2016 and is a Managing Director of Private Equity at Cerberus Capital Management, L.P. (together with its affiliates, "Cerberus").

14.     Defendant Dale M. Dusterhoft ("Dusterhoft") has been a director of the Company since March 2016.

15.     Defendant Christian A. Garcia ("Garcia") has been a director of the Company since May 2017.

16.     Defendant Lisa A. Gray ("Gray") has been a director of the Company since March 2011 and is Vice Chairman of Cerberus Operations and Advisory Company, LLC.

17.     Defendant Gary M. Halverson ("Halverson") has been a director of the Company since September 2016.

18.     Defendant Shawn Keane ("Keane") has been a director of the Company since March 2011.  Defendant Keane previously served as the Company's President from 2008 to 2011 and Vice President from 2000 to 2008.

19.     Defendant Elmer D. Reed ("Reed") has been a director of the Company since April 2011.

20.     Defendant Lenard B. Tessler ("Tessler") has been a director of the Company since October 2012 and Vice Chairman and Senior Managing Director at Cerberus.

21.     Defendant Scott Wille ("Wille") has been a director of the Company since March 2011 and Co-Head of Private Equity and a Senior Managing Director at Cerberus.

22.     Defendants identified in paragraphs 10-21 are referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

23.     C&J is a Delaware corporation with its principal executive offices located at 3990 Rogerdale Rd., Houston, TX 77042.  C&J's common stock trades on the New York Stock Exchange under the ticker symbol "CJ."

24.     Merger Sub is a Delaware corporation and wholly owned subsidiary of Keane.

25.     Cerberus owns or controls a significant portion of Keane's common stock. According to the Registration Statement, "affiliates of Cerberus have indirect economic interests in 39,745,250 shares, or approximately 37.9% of outstanding shares of Keane Common Stock . . . ." Registration Statement at 213.  Additionally, Cerberus controls four (of the twelve) seats on the Board.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons and entities that own Keane common stock (the "Class").  Excluded from the Class are defendants and their affiliates, immediate families, legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

27.     Plaintiff's claims are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

28.     The Class is so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through discovery, Plaintiff believes that there are thousands of members in the Class.  As of July 29, 2019, there were 104,983,801 shares of Company common stock issued and outstanding.  All members of the Class may be identified from records maintained by Keane or its transfer agent and may be notified of the pendency of this action by mail, using forms of notice similar to those customarily used in securities class actions.

29.     Questions of law and fact are common to the Class and predominate over questions affecting any individual Class member, including, *inter alia*:

a)      Whether defendants have violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder;

b)      Whether the Individual Defendants have violated Section 20(a) of the Exchange Act; and

c)      Whether Plaintiff and the other members of the Class would suffer irreparable injury if defendants' conduct complained of herein continues.

30.     Plaintiff will fairly and adequately protect the interests of the Class, and has no interests contrary to or in conflict with those of the Class that Plaintiff seeks to represent.  Plaintiff has retained competent counsel experienced in litigation of this nature.

31.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

32.     Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

33.     Founded in 1973, Keane is one of the largest pure-play providers of integrated well completion services in the U.S., with a focus on complex, technically demanding completion solutions.  With approximately 1.4 million hydraulic horsepower spread across 29 hydraulic fracturing fleets, 34 wireline trucks, 24 cementing pumps and other ancillary assets, Keane operates in the most active unconventional oil and natural gas basins in the U.S., including the Permian Basin, the Marcellus Shale/Utica Shale, the Eagle Ford Formation and the Bakken Formation.

34.     Keane conducts its business through two business segments, Completion Services ("CS") and Other Services ("OS").  The CS segment provides hydraulic fracturing, a process that enhances production of oil and natural gas from formations with low permeability and restricted flow of hydrocarbons, and wireline technologies services that enable well completion, well intervention, pipe recovery and reservoir evaluation.  The OS segment provides cementing services and other services such as idled drilling services.

35.     On July 29, 2019, Keane announced its financial results for the second quarter of 2019.  For the quarter, the Company reported $427.7 million in revenue, compared to $421.7 million for the first quarter of 2019, and Adjusted EBITDA of $82.4 million, compared to $64.1 million for the first quarter of 2019.  Defendant Drummond commented on the results, stating:

> I am proud of our team and how Keane continues to consistently deliver on its commitments. . . . During the second quarter, we achieved excellent financial

performance, with revenue and Adjusted EBITDA exceeding the high-end of our guidance. We benefited from strong execution and efficiencies during the quarter, leading to company record pump hours. We increased our top-tier profitability per fleet and generated attractive free cash flow, while continuing to maintain the quality and readiness of our fleet and making investments in new technology.

**The Proposed Transaction**

36.    On June 17, 2019, Keane and C&J issued a joint press release announcing the

Proposed Transaction, which states, in relevant part:

> HOUSTON, June 17, 2019 /PRNewswire/ -- C&J Energy Services ("C&J") (NYSE: CJ) and Keane Group, Inc. ("Keane") (NYSE: FRAC) today announced that they have entered into a definitive agreement whereby the companies will combine in an all-stock merger of equals. The combined company will be positioned as an industry-leading, diversified oilfield services provider with a pro-forma enterprise value of approximately $1.8 billion, including $255 million of net debt.
>
> Under the terms of the merger agreement, which has been unanimously approved by the Boards of Directors of both companies and the Special Committee of the Keane Board, C&J shareholders will receive 1.6149 shares of Keane common stock for each share of C&J common stock owned. The merger agreement permits C&J to pay its shareholders a cash dividend of $1.00 per share prior to closing. Upon closing, Keane and C&J shareholders will, in the aggregate, each own 50% of the equity of the combined company on a fully diluted basis. The share exchange is expected to be tax-free.
>
> The merger of equals will create a leading well completion and production services company in the U.S., with increased scale and density across services and geographies with a prominent presence in the most active U.S. basins. Both C&J and Keane share a commitment to safety and integrity, employee development, partnerships with blue-chip customers, technological innovation, and strong community relationships, all of which will be reflected in the operations of the combined company. On a pro-forma basis, the combined company would have approximately $4.2 billion in net revenue and approximately $636 million in adjusted EBITDA for the 12 months ended March 31, 2019. In addition, the two companies anticipate to achieve annualized run-rate cost synergies of $100 million within 12 months after closing. With approximately $173 million in cash, or $106 million after the $1.00 per share cash dividend is paid to C&J shareholders, the combined company will have flexibility to invest in growth and technology and return capital to shareholders.
>
> * * *
>
> **Leadership, Governance and Headquarters**

The combined company will be led by a proven management team that reflects the strengths and capabilities of both organizations. Upon close, Patrick Murray, Chairman of the C&J Board of Directors will serve as Chair of the combined company's Board of Directors, and Robert Drummond, Chief Executive Officer of Keane, will serve as President and Chief Executive Officer of the combined company.

Jan Kees van Gaalen, Chief Financial Officer of C&J, will serve as Executive Vice President and Chief Financial Officer of the combined company, and Gregory Powell, President and Chief Financial Officer of Keane will serve as Executive Vice President and Chief Integration Officer of the combined company. Additional senior executives for the combined company will be selected from top talent at both companies and named prior to the close of the transaction.

Upon completion of the transaction, the combined company's Board of Directors will comprise 12 directors, six of whom will be from the C&J Board, including the Chairman of C&J, and six of whom will be from the Keane Board, including the Chief Executive Officer of Keane. The combined company's corporate headquarters will remain in Houston, Texas.

Keane and C&J each share a deep heritage and strong brand recognition and following the closing, the combined company will operate under a new corporate name and trade under a new ticker symbol that will leverage the strengths of both brands. The combined company's corporate name and ticker will be announced prior to the close of the transaction.

**<u>Insiders' Interest in the Proposed Transaction</u>**

37.      Keane insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders.  The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of Keane.

38.      Notably, several Company insiders have secured positions for themselves with the combined company.  For example, six out of twelve members of the combined company's board of directors will be Keane designees, including defendant Drummond who will serve as director and CEO of the combined company.

39.     In addition, certain of the Company's executive officers stand to reap substantial financial benefits from the accelerated vesting of certain equity awards. The following table illustrates the value of the equity awards the Company's executive officers stand to receive upon consummation of the Proposed Transaction:

| Name | Keane Stock Options($) | | Keane RSU Awards($) | | Keane PSU Awards($) |
|------|------------|---|-------------|---|-------------|
| James C. Stewart | — | $ | 3,314,434 | $ | 808,149 |
| Robert W. Drummond | — | $ | 4,416,508 | $ | 767,861 |
| Gregory L. Powell | — | $ | 2,552,582 | $ | 615,682 |
| M. Paul DeBonis Jr. | — | $ | 385,024 | | — |
| Kevin McDonald | — | $ | 1,007,730 | $ | 234,349 |

40.     Moreover, in connection with the Proposed Transaction, Keane has granted a transaction bonus to Kevin McDonald, the Company's Executive Vice President, General Counsel & Corporate Secretary, in the amount of $125,000.

41.     Further, pursuant to certain of Keane's executive officers' employment agreements, if they are terminated in connection with the Proposed Transaction, they will receive substantial cash severance payments, as set forth in the following table:

| Name | Cash Severance($) | | Pro-Rated Bonus($) | |
|------|-----------|---|-----------|---|
| James C. Stewart | $ | 4,789,041 | $ | 750,000 |
| Robert W. Drummond | $ | 5,622,000 | $ | 600,000 |
| Gregory L. Powell | $ | 6,400,000 | $ | 600,000 |
| M. Paul DeBonis Jr. | $ | 700,000 | $ | 262,500 |
| Kevin McDonald | $ | 2,987,000 | $ | 300,000 |

**The Registration Statement Contains Material Misstatements and Omissions**

42.     Defendants filed a materially incomplete and misleading Registration Statement with the SEC and disseminated it to Keane's stockholders. The Registration Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote their shares in favor of the Stock Issuance.

43.     Specifically, as set forth below, the Registration Statement fails to provide Company stockholders with material information or provides them with materially misleading

information concerning: (i) C&J's and Keane's financial projections, relied upon by the Company's and the Special Committee's respective financial advisors, Citi and Lazard, in their financial analyses; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by Citi and Lazard; (iii) the background of the Proposed Transaction; and (iv) potential conflicts of interest faced by Lazard.  Accordingly, Keane stockholders are being asked to vote in favor of the Stock Issuance without all material information at their disposal.

*Material Omissions Concerning C&J's and Keane's Financial Projections*

44.    The Registration Statement omits material information regarding C&J's and the Company's financial projections provided by Keane's management and relied upon by Citi and Lazard for their analyses.

45.    For example, in connection with Citi's *Discounted Cash Flow Analyses ("DCF")*, the Registration Statement sets forth:

> C&J.  Citi performed a discounted cash flow analysis of C&J in which Citi calculated the estimated present value (as of March 31, 2019) of the standalone unlevered, after-tax free cash flows that C&J was forecasted to generate during the last three quarters of the fiscal year ending December 31, 2019 through the full fiscal year ending December 31, 2023, based on the Keane-C&J forecasts.  For purposes of this analysis, stock-based compensation was treated as a cash expense.
> . . .
> Keane. Citi performed a discounted cash flow analysis of Keane in which Citi calculated the estimated present value (as of March 31, 2019) of the standalone unlevered, after-tax free cash flows that Keane was forecasted to generate during the last three quarters of the fiscal year ending December 31, 2019 through the full fiscal year ending December 31, 2023, based on the Keane forecasts.  For purposes of this analysis, stock-based compensation was treated as a cash expense.

Registration Statement at 115.

46.    Similarly, in connection with Lazard's *DCF*, the Registration Statement sets forth:

> Lazard calculated "unlevered free cash flow" in this case by beginning with Adjusted EBITDA, subtracting depreciation and amortization, subtracting income

taxes (calculated as cash taxes, as provided in the projections by Keane management, plus the interest tax shield, as applicable), adding back depreciation and amortization, subtracting capital expenditures and adding or subtracting working capital and other items. . . .

C&J. Lazard performed a discounted cash flow analysis of C&J to calculate the estimated net present value of (i) the unlevered free cash flows that C&J was projected to generate beginning with the third quarter of fiscal year 2019 through fiscal year 2023 . . . .

Keane. Lazard performed a discounted cash flow analysis of Keane to calculate the estimated net present value of (i) the unlevered free cash flows that Keane was projected to generate beginning with the third quarter of fiscal year 2019 through fiscal year 2023.

*Id.* at 120.  The Registration Statement, however, fails to set forth the respective unlevered, after-tax free cash flows and unlevered free cash flows (collectively, the "UFCFs") that each of C&J and Keane are projected to generate through fiscal year 2023 utilized by Citi and Lazard in their respective DCFs, as well as the underlying line items, including: (i) depreciation and amortization; (ii) income taxes; (iii) capital expenditures; (iv) working capital and other items; and (v) stock-based compensation, which was treated as a cash expense in Citi's calculation of UFCF.

47.     The omission of this information renders the statements in the "Certain Keane Unaudited Prospective Financial and Operating Information," "Opinion of Keane's Financial Advisor," and "Opinion of the Keane Special Committee's Financial Advisor" sections of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Citi's and Lazard's Financial Analyses***

48.     The Registration Statement describes Citi's and Lazard's fairness opinions and the various valuation analyses performed in support of their opinions.  However, the descriptions of Citi's and Lazard's fairness opinions and analyses fail to include key inputs and assumptions underlying these analyses.  Without this information, as described below, Keane's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on

Citi's and Lazard's fairness opinions in determining whether to vote in favor of the Stock Issuance. This omitted information, if disclosed, would significantly alter the total mix of information available to Keane's stockholders.

49.      With respect to Citi's *DCF* of C&J, the Registration Statement fails to disclose: (i) the UFCFs that C&J is projected to generate during the last three quarters of the fiscal year ending December 31, 2019 through the full fiscal year ending December 31, 2023 and all underlying line items; (ii) quantification of the stock-based compensation that was treated as a cash expense; (iii) the estimated terminal values for C&J; (iv) quantification of the inputs and assumptions underlying the discount rates ranging from 10.9% to 12.6%; (v) C&J's net debt, as adjusted for the Pre-closing Cash Dividend; and (vi) the fully diluted shares outstanding of C&J utilized by Citi in its analysis.

50.      With respect to Citi's *DCF* of Keane, the Registration Statement fails to disclose: (i) the UFCFs that Keane is projected to generate during the last three quarters of the fiscal year ending December 31, 2019 through the full fiscal year ending December 31, 2023 and all underlying line items; (ii) quantification of the stock-based compensation that was treated as a cash expense; (iii) the estimated terminal values for Keane; (iv) quantification of the inputs and assumptions underlying the discount rates ranging from 10.9% to 12.6%; (v) Keane's net debt; and (vi) the fully diluted shares outstanding of Keane utilized by Citi in its analysis.

51.      With respect to Citi's *Selected Public Companies Analyses* for each of C&J and Keane, the Registration Statement fails to disclose the individual multiples and financial metrics for each of the selected companies analyzed by Citi.

52.      With respect to Citi's *Relative Contribution Analysis*, the Registration Statement fails to disclose the calendar years 2019 and 2020 estimated adjusted EBITDA and operating cash flow for Keane and C&J used in the analysis.

53.    With respect to Lazard's *DCF* of C&J, the Registration Statement fails to disclose: (i) the UFCFs that C&J is projected to generate beginning with the third quarter of fiscal 2019 through fiscal year 2023 and all underlying line items; (ii) the financial metric Lazard applied terminal multiples to in order to derive the terminal values for C&J and quantification thereof; (iii) the estimated terminal values for C&J; and (iv) quantification of the inputs and assumptions underlying the discount rates ranging from 11.8% to 13.8%.

54.    With respect to Lazard's *DCF* of Keane, the Registration Statement fails to disclose: (i) the UFCFs that Keane is projected to generate beginning with the third quarter of fiscal 2019 through fiscal year 2023 and all underlying line items; (ii) the financial metric Lazard applied terminal multiples to in order to derive the terminal values for Keane and quantification thereof; (iii) the estimated terminal values for Keane; and (iv) quantification of the inputs and assumptions underlying the discount rates ranging from 11.7% to 13.7%.

55.    With respect to Lazard's *Comparable Companies Analyses* for each of C&J and Keane, the Registration Statement fails to disclose (i) estimated EBITDA for calendar years 2019 and 2020 for each of C&J and Keane, as provided by Keane management; and (ii) the individual multiples and financial metrics for each of the selected companies analyzed by Lazard.

56.    Without such undisclosed information, Keane stockholders cannot evaluate for themselves whether the financial analyses performed by Citi and Lazard were based on reliable inputs and assumptions or whether they were prepared with an eye toward ensuring that a positive fairness opinion could be rendered in connection with the Proposed Transaction.  In other words, full disclosure of the omissions identified above is required in order to ensure that stockholders can fully evaluate the extent to which Citi's and Lazard's opinions and analyses should factor into their decision whether to vote in favor of or against the Stock Issuance.

57.     The omission of this information renders the statements in the "Opinion of Keane's Financial Advisor," "Opinion of the Keane Special Committee's Financial Advisor," and "Certain Keane Unaudited Prospective Financial and Operating Information" sections of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning the Background of the Proposed Transaction***

58.     The Registration Statement omits material information regarding the background of the Proposed Transaction.

59.     According to the Registration Statement, following a July 25, 2018 meeting between defendant Wille and the significant shareholder of an industry participant referred to in the Registration Statement as "Company A," "the management team and the Keane Board determined to enter into a confidentiality agreement with Company A, in order to engage in discussions and due diligence regarding a potential transaction." Registration Statement at 71. During August 2018, Keane and Company A held discussions regarding a potential business transaction. *Id.* Critically, the Registration Statement fails to expressly indicate whether Keane entered into a confidentiality agreement with Company A following its determination to do so on or around July 25, 2018, and if so, whether it includes a standstill provision that is still in effect and/or contains a "don't ask, don't waive" ("DADW") standstill provision that is presently precluding Company A from making a topping bid for the Company.

60.     The disclosure of the terms of any standstill provisions in the confidentiality agreements Keane entered into with potential merger partners is crucial to Keane stockholders being fully informed of whether their fiduciaries have put in place restrictive devices to foreclose a topping bid for the Company.

61.     The omission of this information renders the statements in the "Background of

the Merger" section of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Lazard's Conflicts of Interest***

62.    The Registration Statement fails to disclose material information concerning potential conflicts of interest faced by the Special Committee's financial advisor, Lazard.

63.    The Registration Statement sets forth:

> Lazard in the past has provided, and in the future may provide, certain investment banking services to Keane or a committee of the Keane Board, for which Lazard has received compensation, including, in the past two years, having acted as financial advisor to a special committee of the Keane Board in 2017. From June 16, 2017 through June 16, 2019, Lazard has been paid aggregate fees of approximately $1 million by Keane for such services. In addition, Lazard in the past has provided, currently is providing and in the future may provide certain investment banking services to Cerberus (an affiliate of Keane) and certain of its affiliates, including, in the past two years, having acted as financial advisor to Remington Outdoor Company in connection with its 2018 restructuring under Chapter 11 of the United States Bankruptcy Code, having advised Cerberus with respect to matters related to a financing and investments in two other portfolio companies, having advised a portfolio company of Cerberus with respect to a potential merger and advising Cerberus with respect to a possible merger. In addition, in the ordinary course, Lazard and its affiliates and employees may trade securities of Keane, C&J and certain of their respective affiliates for their own accounts and for the accounts of their customers and, accordingly, may at any time hold a long or short position in such securities, and may also trade and hold securities on behalf of Keane, C&J and certain of their respective affiliates. The issuance of Lazard's opinion was approved by the Opinion Committee of Lazard.

*Id.* at 123.  Yet, the Registration Statement fails to disclose the compensation Lazard has received for services performed for Cerberus and certain of its affiliates.

64.    The Registration Statement also fails to disclose whether Lazard has performed any services for C&J, and if so, the compensation Lazard received for providing these services to C&J.

65.    Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration,

selection, and implementation of strategic alternatives.

66.      The omission of this information renders the statements in the "Opinion of the Keane Special Committee's Financial Advisor" section of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

67.      The Individual Defendants were aware of their duty to disclose this information and acted negligently (if not deliberately) in failing to include this information in the Registration Statement.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Stock Issuance, Plaintiff and the other stockholders of Keane will be unable to make a fully-informed voting decision in connection with the Stock Issuance and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

#### Against All Defendants for Violations of Section 14(a) of the
#### Exchange Act and Rule 14a-9 Promulgated Thereunder

68.      Plaintiff repeats all previous allegations as if set forth in full.

69.      During the relevant period, defendants disseminated the false and misleading Registration Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

70.      By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Registration Statement.  The Registration Statement was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts, including material information about Keane management's and C&J's financial projections, the financial analyses performed by the

Company's and the Special Committee's financial advisors, the background to the Proposed Transaction and Lazard's potential conflicts of interest.  The defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

71.    The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Stock Issuance.

72.    By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

73.    Because of the false and misleading statements in the Registration Statement, Plaintiff and the Class are threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

74.    Plaintiff repeats all previous allegations as if set forth in full.

75.    The Individual Defendants acted as controlling persons of Keane within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Keane, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

76.    Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading

prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

77.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Registration Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction and Stock Issuance.  They were, thus, directly involved in the making of the Registration Statement.

78.    In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction and the Stock Issuance.  The Registration Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

79.    By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

80.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Keane stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Keane, and against defendants, as follows:

A.       Ordering that this action may be maintained as a class action and certifying Plaintiff as the Class representative and Plaintiff's counsel as Class counsel;

B.       Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Stock Issuance, unless and until defendants disclose and disseminate the material information identified above to Keane stockholders;

C.       In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff and the Class;

D.       Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

E.       Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F.       Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: August 7, 2019

/s/ William B. Federman
William B. Federman, SDTX Bar #21540
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
-and-
212 W. Spring Valley Road
Richardson, TX 75081
Telephone:    (214) 696-1100
Facsimile:    (214) 740-0112
Email:  wbf@federmanlaw.com

*Counsel for Plaintiff*

**OF COUNSEL:**

**WEISSLAW LLP**
Richard A. Acocelli
1500 Broadway, 16th Floor
New York, New York 10036
Tel: (212) 682-3025
Fax: (212) 682-3010

## CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS

The undersigned certifies as follows:

1.      I have reviewed the complaint in this matter against Keane Group, Inc. ("Keane") and others and authorized the filing thereof.

2.      I did not purchase the security that is the subject of this action at the direction of counsel or in order to participate in any private action.

3.      I am willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.      I have been, at all relevant times stated in the complaint, the holder of 100 shares of Keane common stock.

5.      I have not sought to serve or served as a class representative under the federal securities laws in the last three years, other than as listed below (if any):


6.      I will not accept any payment for serving as a representative party beyond the undersigned's pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I hereby certify, under penalty of perjury, that the foregoing is true and correct.

*stephen bushansky*
stephen bushansky (Aug 7, 2019)

Stephen Bushansky